**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UMMS AMBULATORY CARE , LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-2116 |
| EXPERITY, INC., | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

On July 22, 2024, Plaintiff UMMS Ambulatory Care, LLC, doing business as UM Urgent Care, (UM Urgent Care) filed suit against Defendant Experity, Inc. (Experity) alleging breach of contract.[1]  ECF No. 1.  Pending before the Court is UM Urgent Care's motion to strike Experity's designation of an expert.  ECF No. 58.  The motion is fully briefed, and no hearing is necessary.  ECF Nos. 62, 66; Local Rule 105.6 (D. Md. Dec. 1, 2025).  For the reasons set forth below, the motion is denied.

## I.      BACKGROUND[2]

On February 28, 2020, UM Urgent Care entered into a contract with Experity, a software and services company, pursuant to which Experity was to provide revenue cycle management services to UM Urgent Care. ECF No. 1 ¶¶ 7–8, 20.  UM Urgent Care alleges that Experity failed to perform material obligations under the contract.  *Id.* at ¶ 10.  In particular, UM Urgent Care contends that Experity failed to timely submit claims, collect full rates for claims, and pursue underpayments, that Experity provided inaccurate and misleading reporting, and that UM Urgent Care suffered harm as a result.  *Id.* at ¶¶ 10, 85, 99, 100–107.

---

[1]  The parties consented to proceed before a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).  ECF No. 17.

[2]  The factual background is drawn from the allegations in the Complaint.  ECF No. 1.

## II.    DISCUSSION

UM Urgent Care moves to strike Experity's designation of Brianna Crowley as an expert witness pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 702. ECF No. 58-1.  Each argument is addressed in turn below.

### A.    Federal Rule of Civil Procedure 37(c)(1)

UM Urgent Care first argues that Experity's disclosure with respect to Ms. Crowley does not provide a summary of the facts and opinions to which she is expected to testify, as required by Federal Rule of Civil Procedure 26(a)(2)(C).  ECF No. 58-1 at 6, 11–12.[3]  Experity argues that its supplemental disclosure cured "any technical inadequacy" in its initial disclosure.[4]  ECF Nos. 62-1 at 7; 62-4 (supplemental responses to interrogatories); 62-5 (supplemental expert disclosure).  The undersigned concurs.  Furthermore, any deficiency in Experity's initial disclosure is harmless.

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

[4]  Defendant Experity, Inc. (Experity) also argues that the instant motion is procedurally defective because Plaintiff UMMS Ambulatory Care, LLC, doing business as UM Urgent Care, (UM Urgent Care) did not comply with its meet-and-confer obligations prior to filing.  ECF No. 62-1 at 6.  Local Rule 104.7 imposes a requirement that counsel "confer with one another concerning a discovery dispute and make a reasonable effort to resolve the differences between them."  Local Rule 104.7 (Dec. 1, 2025 D. Md.).  A reasonable effort "requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter."  *Id.*  This rule further provides that the "Court will not consider any discovery motion unless the moving party has filed a certificate" that outlines, among other things, details concerning the conference.  *Id.*

As Experity correctly observes, UM Urgent Care's initial filings in support of its motion do not contain the required certificate.  UM Urgent Care has cured this deficiency, thus rendering Experity's argument in this regard moot.  ECF No. 66-2.  Nevertheless, UM Urgent Care is forewarned that the undersigned will not consider any future motion that raises issues related to discovery without counsel having first complied with the Local Rules and the Court's guidance regarding the conduct of discovery.  Local Rules, Appx. A.  As the Court's discovery guidelines make clear, the parties and their counsel have an obligation to cooperate and communicate with one another, which can reduce the cost of discovery and conserve valuable resources, both of the parties and of the Court.  *Id*.

Rule 26(a)(2)(A) requires that each party disclose expert witnesses it may call to testify at trial. Fed. R. Civ. P. 26(a)(2)(A). Subsections (B) and (C), in turn, identify what must be disclosed. If an expert witness is "retained or specially employed to provide expert testimony," the expert "disclosure must be accompanied by a written report--prepared and signed by the witness--" that outlines, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i); *see also* Fed. R. Civ. P. 26(a)(2)(B)(ii)-(vi) (outlining the other required disclosures for a retained expert). When calling an expert witness who is not "retained or specifically employed to provide expert testimony," an expert report is not required, but the party must nevertheless identify "the subject matter on which the witness is expected to present evidence . . . and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). This Court's Local Rule 104.10 clarifies that hybrid fact/expert witnesses are subject to the disclosure requirements of Rule 26(a)(2)(A) and (C).

Federal Rule of Civil Procedure 37(c), which governs, among other things, the failure to disclose an expert pursuant to Rule 26(a)(2), "gives teeth" to the Rule 26(a)(2) disclosure requirements. *E.g.*, *Perkins* v. *Sandy Spring Builders, LLC*, Civil Action No. DKC 23-1823, 2026 WL 696538, at *17 (D. Md. Mar. 12, 2026); *Ace Am. Ins. Co.* v. *McDonald's Corp.*, Civil Action No. GLR-11-3150, 2012 WL 2523883, at *2 (D. Md. June 28, 2012). In pertinent part, this rule provides that when "a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Bresler* v. *Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).

3

The United States Court of Appeals for the Fourth Circuit "has emphasized that Rule 37(c)(1) imposes an automatic sanction of exclusion, and that the general rule is that evidence that a party has failed to properly disclose should be excluded." *Lins* v. *United States*, Civil Action No. ELH-17-2163, 2024 WL 1604494, at *24 (D. Md. Apr. 12, 2024) (internal quotation marks and citations omitted). "This is because '[a] party that fails to provide [Rule 26] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.'" *Id.* (alterations in original) (quoting *Saudi* v. *Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005)). Ultimately, the determination of whether the failure to disclose was substantially justified or is harmless is guided by five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack And Fixture, Inc.* v. *Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). "The first four factors . . . relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Bresler*, 855 F.3d at 190.

Here, under the operative Scheduling Orders, Experity's Rule 26(a)(2) disclosures were due on March 16, 2026, and discovery closed on May 29, 2026. ECF Nos. 53 at 1; 56 at 1. Experity did not initially identify Ms. Crowley in its March 28, 2025 answers to interrogatories, though it did identify her as a person with "personal knowledge of the internal review of claims raised . . . in this lawsuit" and as a potential hybrid fact-expert witness in its March 20, 2026 supplemental responses. ECF Nos. 58-4; 62-4 at 2–3, 5. Experity's initial expert disclosure, timely served on March 16, 2026, contains a summary of the areas of Ms. Crowley's anticipated

4

testimony and the basis for her opinions.  ECF No. 58-5.  The information contained in this

disclosure is not the equivalent of "threadbare, boilerplate list of general areas of anticipated

testimony," *Kilchenstein* v. *United States*, Civil Action No. EA-24-3070, 2026 WL 872371, at

*10 (D. Md. Mar. 30, 2026); "repetitive, general statements," *Hines* v. *Spath*, Civil Action No.

AAQ-23-2815, 2025 WL 1685659, at *6 (D. Md. June 16, 2025); or "'vague generalizations' as

to the subject matter of the opinions of the witness," *Lins*, 2024 WL 1604494, at *23 (quoting

*Keralink Int'l, Inc.* v. *Stradis Healthcare, LLC*, Civil Action No. CCB-18-2013, 2021 WL

1198150, at *2 (D. Md. Mar. 30, 2021)).  As this Court has observed previously, the Rule

26(a)(2)(C) "'disclosure is considerably less extensive than the report required by Rule

26(a)(2)(B)' and does not require 'undue detail.'"  *Lins*, 2024 WL 1604494, at *23 (quoting Fed.

R. Civ. P. 26 advisory committee's note to 2010 amendment).  Experity's supplemental

disclosure, served on May 20, 2026, identifies Ms. Crowley as "a fact witness with expertise in

the field of revenue cycle management" and outlines with greater particularity the areas of and

basis for her anticipated testimony.  ECF No. 62-5.  Experity's supplemental expert disclosure

satisfies the requirements of Rule 26(a)(2)(C) and therefore cures any potential deficiency with

its initial disclosure.

Furthermore, any failure to conform with the requirements of Rule 26(a)(2)(C) in

Experity's initial disclosure is harmless.  As to the first factor, the parties dispute whether

identification of Ms. Crowley was a surprise.  UM Urgent Care contends that it "would be faced

with significant surprise" because Ms. Crowley was not identified in Experity's initial responses

to UM Urgent Care's first set of interrogatories.  ECF No. 58-1 at 18; *see also id*. at 9–10.

Experity counters that UM Urgent Care "has known about Ms. Crowley's internal claims review

since February 26, 2025."  ECF No. 62-1 at 7.  Assuming this factor lies in equipoise, the

remaining factors counsel against exclusion of Ms. Crowley as a witness.

As to the second factor, UM Urgent Care relies on the protracted duration of this litigation to assert that no cure is possible. ECF No. 58-1 at 18–19. This argument is unpersuasive because it does not bear on Experity's ability to cure and does not acknowledge that both parties have *jointly* moved to amend the Court's Scheduling Order *five times*. ECF Nos. 24; 30; 44; 53; 56. As to the third factor, no trial date has been set, so there is no concern regarding the disruption of trial. With respect to the fourth factor, without the testimony of Ms. Crowley, Experity will be unable to rebut the testimony of UM Urgent Care's expert, which renders her central to Experity's defense. ECF No. 62-1 at 18. Finally, as to the fifth factor, Experity contends that it did not know that its initial disclosure was inadequate because UM Urgent Care did not raise the issue before filing the instant motion. The undersigned notes that had UM Urgent Care identified the perceived deficiency, the parties could have reached an agreement to cure. *Bresler*, 855 F.3d at 194 (noting that the party moving to strike did not take any steps to mitigate the purported surprise); *see also* footnote 4, *supra*.

In sum, Rules 26(a)(2)(C) and 37(c)(1) do not provide a basis for exclusion of Ms. Crowley's testimony. As this Court has observed previously, providing an opportunity to cure deficient Rule 26(a)(2)(C) disclosures, as opposed to exclusion of the witness, is the "more appropriate—and far more common response." *Hines*, 2025 WL 1685659, at *7; *see also Schrof* v. *Clean Earth, Inc.*, Civil Action No. CDA-22-1533, 2026 WL 468539, at *7 (D. Md. Feb. 19, 2026) ("Often, courts provide an opportunity to cure by extending or re-opening discovery to address a late or otherwise improper expert disclosure."). Here, Experity has already cured any potential deficiency. UM Urgent Care will be afforded an opportunity to depose Ms. Crowley should it wish to do so. Indeed, as noted in two recent filings, although discovery is substantially complete, the parties have agreed to, and the Court has approved, depositions of four witnesses outside of the discovery period. ECF Nos. 71–74.

**B.**    **Federal Rule of Evidence 702**

UM Urgent Care further contends that Ms. Crowley is not qualified to offer an expert opinion under Federal Rule of Evidence 702.  ECF No. 58-1 at 22–27.  Experity argues the opposite.  ECF No. 62-1 at 23–32.

Under Federal Rule of Evidence 702, a witness may be qualified as an expert based on "knowledge, skill, experience, training, or education."  As a precursor to admissibility, the trial judge must ensure that expert testimony or evidence is "not only relevant, but reliable."  *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  "[A]n expert's testimony is relevant if it has 'a valid . . . connection to the pertinent inquiry.'"  *Belville* v. *Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019) (quoting *Daubert*, 509 U.S. at 592).  In other words, the expert testimony or evidence must "'help' the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702 advisory committee's note to 2023 amendment; *see also Maryland Shall Issue, Inc.* v. *Hogan*, Civil Action No. ELH-16-3311, 2021 WL 3172273, at *3 (D. Md. July 27, 2021) ("Helpfulness to the trier of fact is 'the "touchstone"' under Rule 702.") (quoting *Kopf* v. *Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993)).  "In performing this gatekeeping role, a district court 'is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule.'"  *United States* v. *Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (quoting *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. (No II)*, 892 F.3d 624, 631 (4th Cir. 2018)).  Any "[d]oubt regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility."  *Mack* v. *AmerisourceBergen Drug Corp.*, 671 F. Supp. 2d 706, 709 (D. Md. 2009) (internal quotation marks and citation omitted).  The proponent of the expert must establish admissibility by preponderant evidence.  *Cooper* v. *Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001).

Here, Experity has identified Ms. Crowley as a "hybrid fact/expert witness" with "expertise in the field of revenue cycle management."  ECF No. 58-5 at 2; *see also* ECF No. 62-5 at 2.  "Hybrid witnesses" are "fact witnesses with expertise that will inform their testimony." *Timpson by & through Timpson* v. *Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 253 (4th Cir. 2022); *see also Hawkins* v. *Barakat*, Civil Action No. ELH-20-1386, 2021 WL 1294111, at *2 (D. Md. Apr. 7, 2021) (Boardman, J.) ("A witness is a hybrid fact/expert witness when 'testimony is given arising out of personal observations made in the normal course of duty.'") (quoting *Adell Plastics, Inc.* v. *Mount Hawley Ins. Co.*, No. JKB-17-00252, 2019 WL 2359441, at *1 (D. Md. June 4, 2019)).  A hybrid witness may, therefore, "relay factual observations and express opinions flowing from those factual observations given their established expertise."  *National R.R. Passenger Corp. v. Railway Express, LLC*, 268 F.R.D. 211, 216 (D. Md. 2010)).  As this Court has observed previously, "it is a mistake to focus solely on the status of the expert, instead of the nature of the testimony which will be offered at trial." *Sullivan* v. *Glock, Inc.*, 175 F.R.D. 497, 500 (D. Md. 1997).  This is because a "witness can be a hybrid witness as to certain opinions, but a retained expert as to others."  *Id.*

Experity has indicated that Ms. Crowley "may testify about an internal review of the claims at issue in this lawsuit," and that her "testimony is based on her review and analysis of claims identified" by UM Urgent Care.  ECF No. 65-2 at 2.  Experity also provided notice that Ms. Crowley "may testify regarding Experity's compliance with generally accepted industry standards, revenue cycle management practices, billing procedures, operational frameworks, and related services" and "may opine how the specific actions take for the claims at issue [in] this lawsuit were consistent with industry standards and best practices."  ECF 58-5 at 2–3.  Ms. Crowley may also testify "based on her review and analysis of [UM Urgent Care's] expert." ECF No. 65-2 at 2.

8

UM Urgent Care argues that Ms. Crowley is not qualified as an expert in revenue cycle management industry standards or best practices because she does not have relevant education, certifications, publications, professional associations, or experience as an expert witness. ECF No. 58-1 at 23–26. As Experity correctly notes, expertise may be established based on "experience alone." ECF No. 62-1 at 25. Rule 702 provides that a witness may be qualified as an expert by "knowledge, skill, *experience*, training, or education." Fed. R. Evid. 702 (emphasis added); *see also United States* v. *Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (observing that "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience"); Fed. R. Evid. 702 advisory committee's note to 2000 amendment (same). Ms. Crowley's resume reflects that she is a revenue cycle management executive with more than 12 years of experience leading large-scale healthcare billing and revenue operations and that she is an expert in optimizing end-to-end revenue cycle management performance. ECF No. 58-7 at 2. She has held a variety of positions with Experity, beginning as a medical biller in 2014 and continuing on to serve as a revenue cycle management operations lead in 2015, a revenue cycle management operations manager in 2017, and ultimately serving as the revenue cycle management operations director beginning in 2024. *Id.* at 2–3. This experience constitutes a sufficient basis upon which to qualify Ms. Crowley as an expert in revenue cycle management.[5]

UM Urgent Care's contention that Ms. Crowley's testimony is unreliable because "the entirety of her revenue cycle management experience has been with a single company – Experity itself" bears on the weight of her testimony, not its admissibility. *E.g.*, *Lins*, 2024 WL 1604494, at *28 (concluding that arguments that an expert's testimony was "'self-serving' and subjective"

---

[5] The undersigned notes that when a witness "is relying solely or primarily on experience . . . the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

was "fertile ground for cross-examination, not exclusion"); *see also Daubert*, 509 U.S. at 596

("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

burden of proof are the traditional and appropriate means of attacking shaky but admissible

evidence.").

## III.    CONCLUSION

For the foregoing reasons, UM Urgent Care's motion to strike is denied.  A separate

Order follows.


Date:  July 13, 2026                                    _____/s/_____
                                                                   Erin Aslan
                                                                   United States Magistrate Judge